IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ANTHONY W. GARDNER, | |
|---|---|
| Petitioner, | 8:16CV562 |
| vs. | |
| STATE OF NEBRASKA, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 12.) Respondent argues Petitioner Anthony W. Gardner's Petition for Writ of Habeas Corpus (Filing No. 1) must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). The court agrees and will dismiss the petition with prejudice.

## I. BACKGROUND

**A. Conviction and Direct Appeal**

Gardner was convicted of possession of a deadly weapon by a prohibited person and burglary on January 14, 2015, following his guilty pleas in the Morrill County District Court. (Filing No. 13-2 at CM/ECF pp. 1-3.) The state district court sentenced Gardner to concurrent sentences of 10 to 20 years' imprisonment for possession of a deadly weapon and 3 to 5 years' for burglary. (*Id*. at CM/ECF pp. 6-7.) On August 14, 2015, the Nebraska Court of Appeals affirmed Gardner's convictions and sentences on direct appeal. (Filing No. 13-1 at CM/ECF p. 2.) Gardner did not petition the Nebraska Supreme Court for further review. (*Id*.)

## B. Postconviction Motion

On November 17, 2015, Gardner filed a verified motion for postconviction relief in the state district court. ([Filing No. 13-3 at CM/ECF p. 3](#), [6-11](#).) On December 22, 2015, the state district court denied Gardner postconviction relief without an evidentiary hearing. (*Id.*) Gardner did not appeal the order of the state district court.

## C. Habeas Petition

Gardner filed his Petition for Writ of Habeas Corpus ([Filing No. 1](#)) in this court on December 23, 2016. Thereafter, Respondent moved for summary judgment ([Filing No. 12](#)), arguing the habeas petition is barred by the statute of limitations. Respondent filed a Notice of Submission because Gardner failed to file a response to its summary judgment motion. This matter is fully submitted for disposition.

## II. ANALYSIS

### A. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. [28 U.S.C. § 2244(d)(1)](#). This case concerns only the first date listed in § 2244(d)(1): "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" [28 U.S.C. § 2244(d)(1)(A)](#). "The statute of limitations is tolled while state post-conviction or other collateral review is pending." *[King v. Hobbs](#)*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)). A state postconviction action remains pending during the appeal

period, even if the prisoner does not appeal. *See Streu v. Dormire*, 557 F.3d 960, 966 (8th Cir. 2009) (citing *Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002)).[1]

Here, Gardner's state court judgment became final on September 13, 2015, the date on which Gardner's time for pursuing review in the Nebraska Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" for purposes of § 2244(d)(1)(A) on the date that the time for seeking such review expires); Neb. Ct. R. App. P. § 2-102(F)(1) (stating that a

---

[1] This authority appears to be in conflict with the U.S. Supreme Court decisions in *Evans v. Chavis*, 546 U.S. 189 (2006), and *Carey v. Saffold*, 536 U.S. 214 (2002). The Court held in *Evans*, "The time that an application for state postconviction review is "pending" includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." 546 U.S. at 191 (emphasis in original). The Court further clarified, "In *Saffold*, we held that . . . only a *timely* appeal tolls [the limitations period] for the time between the lower court's adverse decision and the filing of the notice of appeal in the higher court . . . ." *Id*. at 197 (emphasis in original). The Eighth Circuit Court of Appeals decided *Streu* three years after *Evans* and there is no mention of *Evans* in the opinion. Due to this uncertainty, the court will apply *Streu* in this case and conclude that Gardner's state postconviction action was "pending" during the time that he could have but did not appeal the state district court judgment denying his motion for postconviction relief. *See, e.g.*, *Smith v. Hobbs*, 5:11CV91, 2012 WL 3595993 (E.D. Ark. May 24, 2012) (unpublished) (recognizing uncertainty); *see also Williams v. Young*, CIV 15-4094, 2016 WL 5475988 (D.S.D. Sept. 29, 2016) (unpublished); *Readd v. Dooley*, 5:14CV5091, 2015 WL 11175823 (D.S.D. Nov. 24, 2015) (unpublished). *But see Holbrook v. Curtin*, 833 F.3d 612, 617 (6th Cir. 2016) (holding that the limitations period is tolled during the entire period for an appeal and explaining with regard to *Streu* and other court decisions, "[W]e assume that our sister circuits considered the relevant decisions of the Supreme Court and determined that they were consistent with the circuits' approach to statutory tolling."). Gardner had 30 days to file a notice of appeal after the state district court entered its judgment. *See* Neb. Rev. Stat. § 25-1912(1) (West) (a defendant must file an appeal within thirty days after the district court enters its judgment).

petition for further review and memorandum brief in support must be filed within 30 days after the release of the opinion of the Court of Appeals).

The statute of limitations was tolled during the pendency of Gardner's state postconviction action from November 17, 2015, until January 21, 2016. Gardner filed his motion for postconviction relief 65 days after his judgment became final on September 13, 2015. Another 337 days ran between January 21, 2016, and December 23, 2016, when Gardner filed his habeas petition. Gardner's habeas petition is, therefore, untimely under 28 U.S.C. § 2244(d)(1)(A).[2] Gardner has not

---

[2] Gardner filed a motion for reconsideration on September 29, 2016, asking the state district court to reconsider its December 22, 2015, decision not to grant him an evidentiary hearing on his motion for postconviction relief. (*See* Filing No. 1 at CM/ECF p. 3; Filing No. 13-3 at CM/ECF pp. 3, 5.) *See also* Morrill County District Court Case No. CR 14-09, at https://www.nebraska.gov/justice//case.cgi. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). The state district court denied Gardner's motion on the merits on November 9, 2016. *Id*. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The court finds, however, that the statute of limitations was not tolled during the pendency of Gardner's motion for reconsideration.

While Gardner's motion for reconsideration may be considered an "application for State post-conviction or other collateral review," *see Streu v. Dormire*, 557 F.3d at 963-65, it was not a "properly filed" application. This is because under Nebraska law, although the state district court denied Gardner's motion on the merits, it had no jurisdiction to do so. Gardner filed his motion for reconsideration after the end of the term, which was December 31, 2015. *See* Rule 12-0 of the District Court of the Twelfth Judicial District (rev. 2010) (the term of the court is the calendar year). A district court may vacate or modify a judgment after the end of the term through (1) its inherent power, upon a motion filed within 6 months after the entry of the judgment; (2) its equity jurisdiction; or (3) the statutory grounds under Neb. Rev. Stat. § 25–2001(4). *See* Neb. Rev. Stat. § 25–2001 (West). Gardner did not file his motion for reconsideration within 6 months after the entry of the December 22, 2015, judgment nor did his motion satisfy the statutory grounds under § 25–2001(4). Further, the Nebraska Supreme Court has

presented the court with any reason to excuse him from the procedural bar of the statute of limitations.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Gardner has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

---

held that "equitable remedies are generally not available where there exists an adequate remedy at law." *Carlson v. Allianz Versicherungs-Aktiengesellschaft*, 844 N.W.2d 264, 275 (Neb. 2014). Following the state district court's December 22, 2015, judgment, Gardner could have (1) filed a notice of appeal, (2) filed a motion to alter or amend the judgment, or (3) filed a motion to vacate the judgment prior to the end of the term. *Id.* Because Gardner had an adequate remedy at law, the state district court did not have equitable jurisdiction to entertain Gardner's motion. *See id.* In short, because Gardner's motion for reconsideration was untimely, it did not toll the limitations period under § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).").

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment ([Filing No. 12](Filing No. 12)) is granted.

2. Petitioner's habeas petition is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

3. The court will not issue a certificate of appealability in this matter.

4. The court will enter a separate judgment in accordance with this order.

Dated this 23rd day of June, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge